**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM A. MASTERS, | No. 19-55757 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02030-MWF-AGR |
| v. | |
| XAVIER BECERRA, in his official capacity as the Attorney General of the State of California, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

William A. Masters appeals pro se from the district court's judgment dismissing his action alleging constitutional claims related to California Welfare and Institutions Code § 8100(b) and § 8102(a).  We have jurisdiction under 28

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241 (9th Cir. 2011).  We may affirm on any basis supported by the record.  *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017).  We affirm.

Dismissal of Masters's Second Amendment challenge was proper because Masters failed to allege facts sufficient to state a plausible claim.  *See United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013) (setting forth two-step Second Amendment inquiry to determine appropriate level of scrutiny for challenged law); *see also Silvester v. Harris*, 843 F.3d 816, 823 (9th Cir. 2016) (noting "near unanimity" that intermediate scrutiny is appropriate when considering regulations that fall within the scope of the Second Amendment).  Even if strict scrutiny applies, Masters failed to allege facts sufficient to show that the statute is not narrowly drawn to serve a compelling state interest.  *See Green v. City of Tucson*, 340 F.3d 891, 896 (9th Cir. 2003) (explaining strict scrutiny); *cf. Dist. of Columbia v. Heller*, 554 U.S. 570, 626-27, 627 n.1 (2008) (explaining that the right secured by the Second Amendment is not unlimited; setting forth nonexhaustive list of presumptively lawful regulatory measures).

Dismissal of Masters's facial and as-applied procedural due process challenges was proper because Masters failed to allege facts sufficient to state a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Zinermon v. Burch*, 494 U.S. 113, 125-28 (1990) (setting forth factors from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), to determine what procedural due process protections are required in a particular case; circumstances in which a statutory provision for a postdeprivation hearing satisfies due process include necessity of quick action or impracticality of providing predeprivation process); *see also* Cal. Welf. & Inst. Code § 8100(b)(3) (setting forth procedure available to a person subject to firearm prohibition under § 8100(b)(1) to petition the superior court for an order that he or she may own, possess, have custody or control over, receive, or purchase firearms).

  We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

  **AFFIRMED.**